IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JINLONG HOLDING TRADING CO., LTD., Plaintiffs, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A," <br><br><br> Defendant. | Civil Action No.: <br><br><br> JURY TRIAL DEMAND |

## VERIFIED COMPLAINT

Plaintiff JINLONG HOLDING TRADING CO., LTD. ("Plaintiff"), by and through its undersigned counsel, brings this action against the individuals, corporations, limited liability companies, partnerships, and unincorporated associations identified in the attached Schedule A (collectively, "Defendants") for violations of Plaintiff's intellectual property rights under federal law.

### INTRODUCTION

1.   Plaintiff brings this action to halt the unlawful sale and advertisement of products that infringe its patented design. Defendants operate e-commerce storefronts under various seller names and use those storefronts to advertise, offer for sale, and sell unauthorized products ("Unauthorized Products") that incorporate Plaintiff's protected design.

2.   Defendants exploit the anonymity and reach of online marketplaces, combined with the insulation provided by foreign jurisdictions, to engage in infringement with minimal risk of accountability. Plaintiff files this lawsuit to protect its design patent rights, prevent further

1

consumer deception, and curb the erosion of its market position. Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendants' conduct, and accordingly seeks both injunctive and monetary relief.

## THE PARTIES

3. Plaintiff, JINLONG HOLDING TRADING CO., LTD., is a Chinese company with its principal place of FLAT/RM 1605, Ho King Commercial Centre, 2–16 Fa Yuen Street, Mongkok, Kowloon, Hong Kong, China. Plaintiff is the owner, by assignment, of the patent asserted in this action.

4. Specifically, Plaintiff owns all right, title, and interest in U.S. Patent No. D1,074,223 S ("the '223 Patent") by assignment. A true and correct copy of the '223 Patent is attached hereto as Exhibit A.

5. The '223 Patent issued on May 13, 2025. *See* Exhibit A.

6. The '223 Patent has been, and remains, valid and enforceable at all times relevant to this action. Pursuant to 35 U.S.C. § 282, the '223 Patent is entitled to a presumption of validity.

7. The '223 Patent discloses and claims a new, original, and ornamental design for a tripod easel stand.

8. Plaintiff has authorized its official Amazon storefront to sell products embodying the '223 Patent ("Plaintiff's Products") directly to consumers through online marketplaces. Plaintiff also licenses its patented design to select authorized manufacturers and retailers. Representative examples of Plaintiff's Products are shown in the table below:



Figure 1

Figure 2

Figure 3

9. Plaintiff provides notice of its patent rights by including the patent number in the product title of listings it offers for sale on online marketplaces. *See* Figure 1.

10. On information and belief, Defendants operate one or more e-commerce stores under the seller names listed in the attached Schedule A. Defendants employ tactics to obscure their identities and the full scope of their operations, making it virtually impossible for Plaintiff to ascertain their true identities or the extent of their coordinated infringement. Plaintiff will amend

3

this Complaint as necessary if credible identifying information becomes available.

## JURISDICTION AND VENUE

11. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the Patent Act, 35 U.S.C. § 1 et seq.; 28 U.S.C. § 1338(a)–(b), which provides exclusive jurisdiction over patent claims; and 28 U.S.C. § 1331, which provides federal question jurisdiction.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may exercise personal jurisdiction over Defendants because Defendants have purposefully directed business activities toward residents of the United States, including Illinois, by operating fully interactive e-commerce stores under the seller names identified on Schedule A. These stores are accessible to Illinois residents and have sold, offered for sale, or advertised infringing products to consumers in this District.

13. Specifically, Defendants have targeted Illinois residents by operating e-commerce stores that are accessible to U.S. consumers, offer shipping to Illinois, accept payment in U.S. dollars, and, on information and belief, have sold products that infringe Plaintiff's patented design ("Unauthorized Products") to consumers in this District. Each Defendant is committing tortious acts within Illinois, engaging in interstate commerce, and causing substantial harm to Plaintiff in this State.

**DEFENDANTS' UNLAWFUL CONDUCT**

14. The success of the Plaintiff's Products has resulted in significant infringement of the '223 Patent. In response, Plaintiff implemented an anti-infringement program to investigate suspicious websites and online marketplace listings identified through proactive Internet sweeps. As a result of this program, Plaintiff compiled a list of fully interactive e-commerce stores offering Unauthorized Products on platforms such as Amazon.com, Inc. ("Amazon") and provided that list

to counsel. The identified sellers, operating under the names listed in Schedule A, are believed to be marketing and selling products that infringe Plaintiff's design patent rights. True and correct copies of screenshots showing the infringing e-commerce stores are attached hereto as Exhibit B.

15. Many of these storefronts exhibit common design features, listing formats, and product imagery, which are indicators that Defendants' infringing conduct arises from the same transaction, occurrence, or series of occurrences. See Exhibit B.

16. Defendants target consumers in this Judicial District and across the United States by exploiting the anonymity, scale, and weak verification systems of e-commerce platforms. As studies and federal reports confirm, many counterfeiters now ship through international mail and use false identities to set up multiple virtual storefronts on platforms like Amazon, allowing them to reappear after takedown notices and frustrate enforcement.[1] These systemic flaws permit infringers like Defendants to hide behind fake names, distribute infringing goods into the U.S. stream of commerce, and cause continuing harm to rights holders such as Plaintiff.

17. These same concerns regarding anonymity, offshore infringement, multi-storefront operations, and the slow and often ineffective procedures of online marketplaces directly undermine Plaintiff's ability to enforce its patent rights. The structural weaknesses in platform oversight allow infringers like Defendants to operate with near impunity. As a result, rights holders such as Plaintiff are forced to seek judicial intervention to protect their intellectual property.

18. Defendants have targeted Illinois residents by operating e-commerce stores under a single seller name that are expressly directed at U.S. consumers. These stores offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief,

---

[1] See *The Counterfeit Silk Road: Impact of Counterfeit Consumer Products Smuggled Into the United States*, John Dunham & Assoc., prepared for The Buy Safe America Coalition (Ex. C); Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186–87 (2020) (Ex. D); U.S. Dep't of Homeland Sec., *Combating Trafficking in Counterfeit and Pirated Goods* (Jan. 24, 2020), at 22, 39 (Ex. E).

sell and/or offer for sale Unauthorized Products to consumers in this District.

19. To confirm Defendants' conduct and their targeting of the U.S. market, Plaintiff conducted test purchases from certain e-commerce storefronts identified in Schedule A. The purchased products were shipped into the United States, including into this Judicial District, and appear materially indistinguishable from the design claimed in the '223 Patent. These transactions show that Defendants are actively marketing and selling such products to U.S. consumers. True and correct copies of the related order confirmations, shipping records, and photographs of the received products are attached as Exhibit F.

20. Defendants further benefit from coordinated advertising and marketing tactics. The e-commerce stores operating under the seller name are designed to appear to unsuspecting consumers as legitimate retailers, outlet shops, or wholesalers. These stores present a professional appearance and offer multiple U.S. facing payment methods, including credit cards, Alipay, Amazon Pay, and PayPal. They often incorporate product images, descriptions, and layouts that create the false impression of authorization or affiliation with Plaintiff. In reality, Plaintiff has not authorized Defendants to use the '223 Patent, nor has it licensed or permitted them to sell any of Plaintiff's Products.

21. E-commerce store operators, including Defendants, routinely engage in deceptive practices when registering their seller names. They often supply false, misleading, or incomplete information to the e-commerce platforms, making it difficult to ascertain their true identities or the full extent of their infringing operations.

22. E-commerce store operators, including Defendants, routinely register or acquire new seller aliases to offer and sell Unauthorized Products. This pattern of alias registration is a common tactic used to conceal their identities, obscure the full scope of their infringing operations,

and evade enforcement actions such as takedowns or suspensions.

23. On information and belief, e-commerce sellers engaged in infringement frequently coordinate with one another through online channels such as QQ chat groups and rely on Chinese-language websites (e.g., sellerdefense.cn) that offer strategies to avoid detection. These sites disseminate alerts about newly filed lawsuits and advise sellers on tactics such as closing stores, transferring assets, and altering payment processors in response to infringement enforcement. These practices further obstruct Plaintiff's ability to enforce its rights.

24. Infringers such as Defendants often operate under multiple seller aliases and maintain numerous payment accounts to evade enforcement. E-commerce store operators like Defendants regularly transfer funds to offshore accounts outside the jurisdiction of this Court, thereby attempting to shield assets and avoid satisfaction of any monetary judgment entered against them.

25. Defendants are acting in active concert to manufacture, import, distribute, offer for sale, and sell Unauthorized Products as part of the same transaction, occurrence, or series of transactions or occurrences. Without authorization or license from Plaintiff, Defendants have promoted and sold products that appear materially indistinguishable from the design claimed in the '223 Patent, using similar product listings, storefront formats, and online sales practices. Recent test purchases confirm that such conduct is ongoing. True and correct copies of the related order confirmations, shipping records, and photographs of the received products are attached as Exhibit F.

26. Defendants' unauthorized manufacture, use, offer for sale, and sale of products incorporating the patented ornamental design claimed in the '223 Patent has caused, and is continuing to cause, irreparable harm to Plaintiff, including erosion of patent rights, loss of market

share, and damage to Plaintiff's goodwill.

COUNT I
PATENT INFRINGEMENT OF THE '223 Patent (35 U.S.C. § 271)

27. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 24 as if fully set forth herein.

28. As alleged above, Defendants are acting in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell infringing products in the same transaction, occurrence, or series of transactions or occurrences. Without any authorization or license from Plaintiff, Defendants have jointly and severally offered for sale, sold, and/or imported into the United States, for resale or use, products that directly and/or indirectly infringe the '223 Patent to the extent their conduct arises from materially indistinguishable product listings, storefront formats, and shared online sales practices that form part of the same transaction, occurrence, or series of transactions or occurrences.

29. Plaintiff avers that the products sold by Defendants incorporate each of the ornamental design elements claimed in the '223 Patent and therefore infringe the '223 Patent. Representative examples of these purchased products are shown in the photographs in Exhibit F. A true and correct copy of the claim chart demonstrating this infringement is attached hereto as Exhibit G.

30. Plaintiff avers that Defendants offer for sale, sell, and/or import into the United States, for resale or use, products that directly and/or indirectly infringe the ornamental design claimed in the '223 Patent.

31. Plaintiff avers that, as a direct and proximate result of Defendants' infringement, it has suffered and continues to suffer irreparable harm, along with monetary and other damages in an amount to be determined at trial.

32.     Plaintiff further avers that Defendants' infringement of the '223 Patent, including by offering for sale, selling, and importing products that incorporate the patented design into the United States and the State of Illinois, has interfered with Plaintiff's exclusive rights under the Patent Act. This conduct has caused the loss of market share, impaired Plaintiff's ability to control the use of its patented design, and resulted in lost sales and diminished goodwill.

33.     Plaintiff avers that Defendants' infringement has been, and continues to be, willful. Accordingly, Plaintiff is entitled to enhanced damages pursuant to 35 U.S.C. § 284. Plaintiff further avers that this case is exceptional within the meaning of 35 U.S.C. § 285 and that it is therefore entitled to recover its reasonable attorneys' fees and costs.

34.     Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283. Without a preliminary and permanent injunction, Defendants' infringement will continue, causing Plaintiff irreparable harm, including loss of market share, damage to goodwill, and erosion of its exclusive patent rights. As shown in Exhibit F, Defendants are actively offering and selling products embodying Plaintiff's patented design in this District, highlighting the urgent need for relief.

35.     Plaintiff is entitled to recover damages adequate to compensate for Defendants' infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty for the use made of the patented design, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1)      That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. Making, using, offering for sale, selling and/or importing into the United States for

        subsequent sale or use any products that infringe upon U.S. Patent No. D1,074,223 S; and

    b. Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon U.S. Patent No. D1,074,223 S.

2) That, upon Plaintiff's request, all persons and entities with notice of the injunction, including without limitation any websites or online marketplace platforms such as Amazon and Walmart, be ordered to disable and cease displaying any advertisements, listings, or links associated with Defendants in connection with goods that infringe U.S. Patent No. D1,074,223 S.

3) That judgment be entered in favor of Plaintiff and against Defendants finding that Defendants have infringed U.S. Patent No. D1,074,223 S.

4) That judgment be entered in favor of Plaintiff and against Defendants finding that Defendants' infringement of U.S. Patent No. D1,074,223 S has been willful.

5) That Plaintiff be awarded damages in an amount to be determined at trial, including Defendants' profits pursuant to 35 U.S.C. § 289 and any other relief available under 35 U.S.C. § 284, together with interest and costs.

6) That Plaintiff be awarded treble damages under 35 U.S.C. § 284 for defendants willful infringement.

7) A finding that this case is exceptional under 35 U.S.C. § 285.

8) That Plaintiff be awarded its reasonable attorneys' fees and costs.

9) Award any and all other relief that this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 25, 2025            Respectfully Submitted,

<div style="margin-left:50%">

<u>/s/ Alexander Warden</u>
Alexander.warden@walflaw.com
West Atlantic Law Firm, PLLC
104 West 40th Street, 4th and 5th Floor
New York, NY 10018
*Attorney for Plaintiff,*
*JINLONG HOLDING TRADING CO., LTD.*

</div>

11

**VERIFICATION**

  I, Qian Tao, am the General Manager of Plaintiff JINLONG HOLDING TRADING CO., LTD. I have read the foregoing Complaint and know the contents thereof. The matters stated in it are true to my own knowledge, except as to those matters stated on information and belief, and as to those matters I believe them to be true.

  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 14, 2025, at Hong Kong, China.

General Manager
Plaintiff JINLONG HOLDING TRADING CO., LTD.

*/s/ Qian Tao*